UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Mary Sao, *on behalf of herself and others similarly situated*, | Civil Action No.: |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| Northstar Location Services, LLC, | |
| Defendant. | |

**Nature of this Action**

1. Mary Sao ("Plaintiff") brings this class action against Northstar Location Services, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

3. More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

4. Upon information and good faith belief, Defendant routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts.

5. More specifically, upon information and good faith belief, Defendant routinely

1

places calls, in connection with the collection of debts, to telephone numbers after being informed that the telephone numbers are wrong or reassigned telephone numbers.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

7. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

8. For example, Defendant directed artificial or prerecorded voice messages to Plaintiff's cellular telephone in this district, and Plaintiff received Defendant's artificial or prerecorded voice messages in this district.

## Parties

9. Plaintiff is a natural person who at all relevant times resided in Lexington, North Carolina, and Winston-Salem, North Carolina.

10. Defendant is a "debt collector" and "collection agency" that "provides a full-service receivables debt collection solution."[1]

11. Defendant is located in Cheektowaga, New York.[2]

12. Defendant's website reads: "This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose."[3]

13. At all relevant times Defendant was engaged, by use of the telephone, in the business of attempting to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

---

[1] https://www.gotonls.com/ (last visited February 10, 2022).

[2] *Id.*

[3] *Id.*

14. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

15. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

16. Plaintiff is, and has been since May 2020, the regular and sole user of her cellular telephone number—(336) XXX-2036.

17. Beginning in October 2021, Defendant began placing calls to telephone number (336) XXX-2036, intending to reach someone named Michael Young.

18. On at least two occasions, in response to Defendant's calls to telephone number (336) XXX-2036, Plaintiff answered a call from Defendant, informed Defendant that she was not Michael Young—the intended recipient of Defendant's calls and artificial or prerecorded voice messages to telephone number (336) XXX-2036—informed Defendant that she did not know Michael Young, informed Defendant that it was placing calls and delivering voice messages to a wrong number, and instructed Defendant to stop placing calls to telephone number (336) XXX-2036.

19. Defendant, however, continued to place calls and deliver artificial or prerecorded voice messages to telephone number (336) XXX-2036.

20. On approximately 25 occasions since October 2021 Defendant delivered to telephone number (336) XXX-2036 telephone calls accompanied by voice messages.

21. On multiple occasions Defendant delivered voice messages, in connection with which it used an artificial or prerecorded voice, which state:

> Hi, we have an important message from Robert Reader at Northstar Location Services. This call is from a debt collector. Please return the call to 1-888-820-

3

0968. My extension here is 3499. Once again the toll-free number is 1-888-820-0968 extension 3499. Thank you.

To listen to the voice message, click HERE.

22. Some time later, Defendant delivered an additional identical voicemail, available HERE.

23. Plaintiff received and listened to the artificial or prerecorded voice messages that Defendant delivered to telephone number (336) XXX-2036.

24. Plaintiff does not, nor did, have any business relationship with Defendant.

25. Plaintiff does not, nor did, owe any money to Defendant.

26. Plaintiff does not, nor did, have an account in collections with Defendant.

27. Plaintiff did not provide telephone number (336) XXX-2036 to Defendant.

28. Plaintiff did not give Defendant prior express consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (336) XXX-2036.

29. Defendant placed its calls and delivered artificial or prerecorded voice messages to telephone number (336) XXX-2036 in an effort to reach a third party, not related to Plaintiff in any personal or professional manner.

30. Defendant placed its calls and delivered artificial or prerecorded voice messages to telephone number (336) XXX-2036 for non-emergency purposes.

31. Defendant placed its calls and delivered artificial or prerecorded voice messages to telephone number (336) XXX-2036 voluntarily.

32. Defendant placed its calls and delivered artificial or prerecorded voice messages to telephone number (336) XXX-2036 under its own free will.

33. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the calls it placed to telephone number (336) XXX-2036.

34. Plaintiff suffered actual harm as a result Defendant's calls and artificial or prerecorded voice messages in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

35. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

36. Upon information and good faith belief, Defendant, as a matter of pattern and practice, continues to place calls to telephone numbers after being informed it is calling a wrong or reassigned number.

37. Upon information and good faith belief, the obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.[4]

38. Upon information and belief, at the time Defendant attempted to collect the debt from Plaintiff, the debt was in default, or Defendant treated the debt as if it were in default from the time that Defendant acquired it for collection.

## Class Action Allegations

39. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

> *TCPA Class*: All persons throughout the United States (1) to whom Northstar Location Services, LLC placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account in collections with Northstar Location Services, LLC, (3) in connection with which Northstar Location Services, LLC used an artificial or prerecorded

---

[4] *See* https://www.thenorthstarcompanies.com/business-partner/ (last visited February 10, 2022) (noting that Defendant collects "Auto, Utility, Insurance, Government, Communications, Travel & Hospitality, Financial Services, Technology, Mortgage, [and] Retail" debts).

voice, (4) from four years preceding the date of this class action complaint through the date of class certification.

*FDCPA Class*: All persons throughout the United States (1) to whom Northstar Location Services, LLC placed, or caused to be placed, at least one call, (2) from one year preceding the date of this class action complaint through the date of class certification, (3) in connection with the collection of a consumer debt, (4) after Northstar Location Services, LLC was informed that that the telephone number to which it placed the call was a wrong telephone number, a reassigned telephone number, or a telephone number not assigned to the intended recipient of the call.

40. Excluded from the classes are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

41. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

42. The exact number of the members of the classes is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

43. The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

44. In addition, the members of the classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

45. Plaintiff's claims are typical of the claims of the members of the classes.

46. As it did for all members of the TCPA class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

47. As it did for all members of the FDCPA class, Defendant placed calls to Plaintiff's telephone number after being informed that Plaintiff was not the intended recipient of its calls.

48. Plaintiff's claims, and the claims of the members of the classes, originate from the

same conduct, practice, and procedure on the part of Defendant.

49. Plaintiff's claims are based on the same theories as the claims of the members of the classes.

50. Plaintiff suffered the same injuries as the members of the classes.

51. Plaintiff will fairly and adequately protect the interests of the members of the classes.

52. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

53. Plaintiff will vigorously pursue the claims of the members of the classes.

54. Plaintiff has retained counsel experienced and competent in class action litigation.

55. Plaintiff's counsel will vigorously pursue this matter.

56. Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

57. The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

58. Issues of law and fact common to all members of the classes are:

   a. Defendant's violations of the TCPA;

   b. Defendant's violations of the FDCPA;

   c. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

   d. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

   e. Defendant's use of an artificial or prerecorded voice,

  f. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned telephone numbers after being informed it is calling the wrong person; and

  g. The availability of statutory penalties.

59. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

60. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

61. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

62. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

63. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

64. The damages suffered by individual members of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

65. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

66. There will be little difficulty in the management of this action as a class action.

67. Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

### Count I—Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

68. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-67.

69. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the TCPA Class, without consent.

70. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the TCPA Class are entitled to damages in an amount to be proven at trial.

### Count II
### Violation of 15 U.S.C. § 1692d

71. Plaintiff repeats and re-alleges each and every factual allegation included in paragraph 1-67.

72. By placing calls to Plaintiff's telephone number and the telephone numbers of the members of the FDCPA Class, in connection with the collection of consumer debts, after Defendant was informed that Plaintiff's telephone number and the telephone numbers of the members of the FDCPA Class did not belong to the intended recipient of Defendant's calls, Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff and the members of the FDCPA Class in connection with Defendant's collection of a consumer debt.

73. Accordingly, Defendant violated 15 U.S.C. § 1692d.

74. As a result of Defendant's violations of 15 U.S.C. § 1692d, Plaintiff and the members of the FDCPA Class are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the classes under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the classes under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 15 U.S.C. § 1692d;

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the TCPA Class, in connection with which it uses an artificial or prerecorded voice;

f) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the telephone numbers of members of the FDCPA Class;

g) Awarding Plaintiff and the members of the TCPA Class damages under 47 U.S.C. § 227(b)(3)(B);

h) Awarding Plaintiff and the members of the TCPA Class treble damages under 47 U.S.C. § 227(b)(3);

i) Awarding Plaintiff and the FDCPA Class damages under 15 U.S.C. § 1692k(a)(1), (2);

j) Awarding Plaintiff and the TCPA Class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

k) Awarding Plaintiff and the FDCPA Class reasonable attorneys' fees, costs, and expenses under 15 U.S.C. § 1692k(a)(1)(3);

l) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

m) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: February 16, 2022

*/s/ Wesley S. White*
Wesley S. White
Law Offices of Wesley S. White
State Bar No.: 43916
2300 E. 7th Street, Suite 101
Charlotte, NC 28204
Phone: (702) 824-1695
wes@weswhitelaw.com

Alexander D. Kruzyk
Greenwald Davidson Radbil PLLC
401 Congress Ave., Suite 1540
Austin, TX 78701
Tel: (512) 415-8251
akruzyk@gdrlawfirm.com
Appearing pursuant to LR 83.1(d)

Counsel for Plaintiff and the proposed classes